IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GAVILON GRAIN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-437 |
| | ) | |
| AMERICAN COMMERCIAL BARGE | ) | |
| LINE, LLC, *in personam*, and the M/V | ) | |
| TONY ESPINOZA, *in rem*, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff Gavilon Grain, LLC, by and through the undersigned counsel, and sets forth the following allegations against Defendant American Commercial Barge Line, LLC, *in personam,* and the M/V TONY ESPINOZA, *in rem*.

1.      This is an admiralty and maritime action brought pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure and seeks relief in the form of money damages for the allision and tortious acts alleged herein.

2.      The Southern District of Illinois is the proper venue for this action because the events alleged herein occurred within this judicial district.

3.      Plaintiff Gavilon Grain, LLC ("Gavilon") is a Delaware limited liability company that is headquartered in Omaha, Nebraska, active and in good standing, and authorized to do business in Illinois.

4.      Defendant American Commercial Barge Line, LLC ("ACBL") is a Delaware limited liability company with its headquarters and principal place of business in Jeffersonville, Indiana.

5.      Plaintiff Gavilon owns and operates a stationary dock and cargo facility located at Cora, Jackson County, Illinois on the Illinois bank of the Mississippi River, at approximately Mile Marker 97 on the Mississippi River (the "Cora facility").

6.      Defendant ACBL is engaged in the business of operating river towboats and barges on the inland rivers of the United States, including the Mississippi River.

7.      Defendant the M/V TONY ESPINOZA is a river towboat owned and operated by ACBL.

8.      On or about April 15, 2021, the M/V TONY ESPINOZA and its tow of barges was navigating the Mississippi River and preparing to dock when it and/or its tow struck the Cora facility.  At all relevant times, the barges in tow of the M/V TONY ESPINOZA were in the care, custody and control of ACBL.  The M/V TONY ESPINOZA and the tow of barges it was pushing on the day of this event shall hereinafter be referred to as "the ACBL tow" when referred to collectively.

9.      The allision between the ACBL tow and the Cora facility caused substantial physical damage to the Cora facility and its structures, including to its dolphins, monopiles, cells, clusters, pilings, and slide lines, among other things.

10.     As a result of the allision between the ACBL tow and the Cora facility, a substantial portion of the Cora facility was destroyed or damaged such that it could not operate as designed or intended and had to be closed for repairs for a significant period of time.

11.     Due to the allision, Gavilon has incurred significant costs and expenses, including but not limited to repair and replacement costs, construction costs, survey costs, supervision costs, internal costs, and other costs and expenses from the Cora facility being damaged and unable to operate as designed or intended.

2

12.     The allision between the ACBL tow and the Cora facility was the direct result of the negligence of ACBL and/or the unseaworthiness of the ACBL tow, without excuse or defense.

13.     The ACBL tow's allision with the Cora facility, as described and alleged herein, and all losses and damages resulting therefrom, were in no way caused or contributed to by any fault, negligence, or want of care on the part of Gavilon, or by anyone for whom Gavilon may be responsible.

14.     On the contrary, the allision and resulting damages alleged herein were caused solely and exclusively by the fault of ACBL, the ACBL tow comprised of the M/V TONY ESPINOZA and the barges in its tow, and those in charge of the navigation and operation of the M/V TONY ESPINOZA and ACBL tow in that:

a.     The M/V TONY ESPINOZA and ACBL tow were unseaworthy;

b.     The M/V TONY ESPINOZA and ACBL tow were crewed by improperly trained persons who were inattentive to their duties;

c.     The M/V TONY ESPINOZA and ACBL tow were negligently navigated and operated;

d.     The M/V TONY ESPINOZA and ACBL tow violated applicable Rules of the Road and standards of good seamanship;

e.     The crew of the M/V TONY ESPINOZA and ACBL tow failed to exercise due care to avoid the allision and failed to exercise necessary evasive maneuvers to avoid the allision; and

f.     Other acts of unseaworthiness and/or negligence to be established.

15.     ACBL, as owner and operator of the M/V TONY ESPINOZA and the M/V TONY ESPINOZA, *in rem*, are presumed to be at fault in this allision pursuant to the *Oregon* Rule.

16.     To date, Plaintiff Gavilon has suffered losses and damages directly flowing from the allision in the amount of approximately $1,600,000.00, which losses and damages continue to accrue.

WHEREFORE, Plaintiff Gavilon Grain, LLC respectfully requests that this Court enter judgment in its favor and against Defendants, award Plaintiff damages against Defendants for the costs of repairing the damages to Plaintiff's dock and related structures, for lost profits, for surveying, bidding and construction supervision costs, for pre-judgement and post-judgment interest, Court costs and other costs expended in prosecution of this suit, and for such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/ Daniel L. Massey
Raymond L. Massey, #1788787
ray@themasseylawfirm.com
Daniel L. Massey, #6295233
dan@themasseylawfirm.com

THE MASSEY LAW FIRM, LLC
2 Cityplace Dr., Ste. 200
St. Louis, MO 63141
Telephone: (314) 812-4888
Facsimile: (314) 812-2505

*Attorneys for Plaintiff*
*Gavilon Grain, LLC*